# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

JANUARY SESSION, 2000

**FILED**

**March 14, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,    *

     Appellee,    *

vs.    *

KELLY HAYNES,    *

     Appellant.    *

No. W1999-01485-CCA-R3-CD

MADISON COUNTY

Hon. Roger Page, Judge

(Aggravated Assault)

For the Appellant:

**Clifford K. McGown, Jr.**
Attorney for Appellant
113 North Court Square
P. O. Box 26
Waverly, TN 37185

(ON APPEAL)


**George Morton Googe**
District Public Defender
227 West Baltimore Street
Jackson, TN 38301

(AT TRIAL)

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**J. Ross Dyer**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**James G. (Jerry) Woodall**
District Attorney General

**James W. Thompson**
Asst. District Attorney General
State Office Building, Suite 201-A
Post Office Box 2825
Jackson, TN 38302

OPINION FILED: _____

SENTENCE MODIFIED


**David G. Hayes,** Judge

## OPINION

The appellant, Kelly Haynes, was indicted by a Madison County grand jury for aggravated assault. On February 12, 1999, he entered a guilty plea to the charged offense. At a subsequent sentencing hearing, the trial court ordered that the appellant serve a sentence of five years confinement in the Department of Correction. On appeal, the appellant argues that his sentence is excessive and based upon the misapplication of certain enhancement factors.

After review, we modify the appellant's sentence to reflect a sentence of four years confinement in the Department of Correction.

## Background

At the sentencing hearing, the victim, Debbie McClish, testified that, on May 13, 1998, she and the appellant were living together at 71 Birchwood Lane in Jackson. On this date, Ms. McClish retired to bed. While she was asleep, the appellant threw hot water on her resulting in second and third degree burns to the upper part of her body. She could offer no reason why the appellant would harm her; "[she] did nothing to harm him or hurt him." However, the previous day, she had told the appellant that she was moving out of the residence they shared. She related, "He had told me that he understood, . . . There was no argument or anything." Ms. McClish was hospitalized for two weeks as a result of her injuries and has permanent scarring on her back, neck, right arm and ear. After being released from the hospital, she underwent physical therapy for about a month. The injuries still cause her to suffer in pain. The hospital bill for her treatment and care amounted to over $50,000. Of the $50,000, Ms. McClish is personally responsible for paying approximately $17,306.

The presentence report reveals that the appellant is thirty-six years old and is a United States Army veteran of the Gulf War. He served in the U.S. Army from 1984 to 1994 and received an honorable discharge. He has a previous conviction in the state of Kansas for theft of property, specifically, unemployment security fraud. He received a three year probated sentence for this offense. Although the State did not produce a certified copy of this conviction, the appellant previously conceded the existence of this prior conviction at his guilty plea hearing, and did not dispute its validity at the sentencing hearing.

The appellant is married with two children. However, the two children are in foster care and, apparently, he does not maintain a relationship with his wife who lives in another state. The appellant has held employment as a security guard with Wells Fargo for four months in 1995. The appellant admits that he is a recovering alcoholic and drug addict. In 1984, he completed inpatient treatment at a Veteran's Administration medical center.

He has also received mental health counseling in 1995-1996 and in 1997-1998 during which time he was diagnosed as bipolar II with psychotic features. The appellant receives disability benefits due to his mental condition. After being arrested on the present charge, the appellant was admitted and evaluated by Western Mental Health Institute. The evaluation indicated that the appellant was competent to stand trial and that he was not insane, by legal definition, at the time of the offense. Notwithstanding, the report revealed that the appellant was diagnosed as having a severe mental disease or defect.

The appellant also has performed volunteer services, including Salvation Army bell ringer, Lifeline Blood Service volunteer, and American Red Cross

volunteer blood donor. He also participated in a Walk for Life fundraiser, volunteered as a sandbagger in the Midwest floods, and participated in the Nashville Food Harvest, Jerry Lewis Telethon, United Negro College Fund program, and Youth Camp services.

Based upon this proof, the trial court found four enhancement factors applicable (1) the defendant has a previous history of criminal convictions or criminal behavior; (5) the defendant treated or allowed a victim to be treated with exceptional cruelty; (10) defendant had no hesitation about committing crime when risk to human life is high; and (16) the crime was committed under circumstances under which potential for bodily injury to a victim was great. With respect to mitigating circumstances, the court found application of (8) the appellant has a history of mental illness, and (13) he is a veteran of the U.S. Army. Weighing the four applicable aggravators against the two applicable mitigators, the trial court sentenced the appellant to five years.

**Analysis**

The appellant contests the trial court's imposition of a sentence of five years. Specifically, he asserts that the trial court misapplied all four enhancing factors resulting in an excessive sentence.

Review, by this court, of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption only applies if the record demonstrates that the trial court properly considered relevant sentencing considerations. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption applies in the present case and the appellant bears the burden of

4

showing the impropriety of the sentence imposed. Sentencing Commission

Comments, Tenn. Code Ann. § 40-35-401 (d).

Again, the appellant contends that the trial court erroneously applied the

following enhancement factors:

_____(1)  The defendant has a previous history of criminal convictions or
criminal behavior in addition to those necessary to establish the
appropriate range;

(5)  The defendant treated or allowed a victim to be treated with
exceptional cruelty during the commission of the offense;

(10)  The defendant had no hesitation about committing a crime when
the risk to human life was high;  and

(16)  The crime was committed under circumstances under which the
potential for bodily injury to a victim was great.

See  Tenn. Code Ann. § 40-35-114 (1), (5), (10), (16) (1997).

*Tenn. Code Ann. § 40-35-114(1)*

With respect to Tenn. Code Ann. § 40-35-114(1), the appellant avers that,

because no certified copy of his prior conviction was produced, there is no

competent proof of his Kansas conviction. Additionally, he argues that, regardless

of there being competent proof, "it is improper for the court to rely upon a charge of

'unemployment compensation fraud' to enhance his sentence given the facts of this

case." First, there is no restriction in our sentencing provisions limiting the type of

criminal convictions or behavior which may be used to support application of

enhancement factor one. Next, evidence of the appellant's prior conviction from

Kansas was contained in the presentence report and verified by the parole officer

who confirmed the conviction with Kansas authorities. The appellant conceded this

conviction at the guilty plea hearing. Again, the appellant does not contest the

accuracy of his previous criminal history; rather, he avers that the State failed to

introduce certified copies of the conviction. This court has previously held that a trial

court may rely on the contents of the presentence report where the report indicates

that it is based upon reliable sources or is otherwise accurate. See, e.g., State v.

5

Dewayne Foster, No. 01C01-9501-CC-0008 (Tenn. Crim. App. at Nashville, Nov. 21, 1995) (citing State v. Richard J. Crossman, No. 01C01-9311-CR-00394 (Tenn. Crim. App. at Nashville, Oct. 6, 1994), perm. to appeal denied, (Tenn. Jan. 3, 1995)); State v. Anthony D. Hines, No. 01C01-9406-CC-00189 (Tenn. Crim. App. at Nashville, May 25, 1995), perm. to appeal denied, (Tenn. Nov. 6, 1995); see also Tenn. Code Ann. § 40-35-209(b) (1997). Nothing in the record suggests that the information contained in the presentence report is inaccurate. Accordingly, we conclude that the trial court properly applied enhancement factor (1). This issue is without merit.

*Tenn. Code Ann. § 40-35-114(5)*

Next, the appellant contends that the trial court improperly applied enhancement factor (5), finding that the victim was treated with exceptional cruelty. See Tenn. Code Ann. § 40-35-114(5). Specifically, he argues: "The weapon in this case was hot water. Because it was hot water, it created an injury which led to the charge of aggravated assault." The appellant argues that the logical extension of the trial court's rationale would be to require the sentencing court in an aggravated assault to determine whether the weapon used is "exceptionally" cruel.

Tenn. Code Ann. § 40-35-114 provides that enhancement factors must be "appropriate for the offense" and "not themselves essential elements of the offense." Accordingly, enhancement factors based on facts which are used to prove the offense or which establish the elements of the offense are excluded. State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997). Moreover, because "exceptional cruelty" is inherent in some offenses such as aggravated assault, the facts must demonstrate a culpability distinct from and greater than that incident to the offense. Id. "Exceptional cruelty" when used as an enhancement factor denotes the infliction of pain or suffering for its own sake or from the gratification derived therefrom, and not merely pain or suffering inflicted as the means of accomplishing the crime charged.

Thus, cruelty requires more than the physical infliction of serious bodily injury upon a victim.

This court has recognized that "exceptional cruelty" is a matter of degree. State v. Moore, No. 02C01-9306-CC-00126 (Tenn. Crim. App. at Jackson, Jun. 8, 1994). The terms "serious bodily injury" and "exceptional cruelty" are not mutually exclusive. Id. The proof in this case established that the appellant poured hot water on his victim while she lay asleep. The intentional pouring of hot or near scalding water on a helpless victim has foreseeable consequences. Based upon the manner in which this crime was committed and its predictable consequences we find that the appellant's conduct established not only the infliction of serious bodily injury but also a calculated indifference toward suffering. Thus, we find application of enhancement factor (5) appropriate.

### Tenn. Code Ann. § 40-35-114(10)

With respect to Tenn. Code Ann. § 40-35-114(10), the defendant had no hesitation about committing a crime in which the risk to human life is high, "this court has consistently held that this factor should not be applied when the only person subject to being injured is the victim. . . ." State v. Makoka, 885 S.W.2d 366, 373 (Tenn. Crim. App. 1994); see also State v. King, 905 S.W.2d 207, 213 (Tenn. Crim. App. 1995). In this case, the only person subject to injury was the victim. Accordingly, this factor is inapplicable to the appellant's conviction.

### Tenn. Code Ann. § 40-35-114(16)

Enhancement factor (16) may not be applied where the "proof that the potential for bodily injury was great would also prove an essential element of the offense charged." See State v. Jones, 883 S.W.2d 597, 603 (Tenn. 1994). Again, the trial court relied upon the facts used to support the offense of aggravated assault. Thus, the trial court improperly applied factor (16).

7

In summary, the record does not support the trial court's application of enhancement factors (10) or (16). Thus, the only remaining applicable enhancement factors are (1), history of previous criminal conviction/behavior, and (5), "exceptional cruelty."[1]  Again, the trial court found and we agree that two mitigating factors apply, *i.e.*, (8) the defendant was suffering from a mental or physical condition that significantly reduced the defendant's culpability for the offense and (13) the appellant served and was honorably discharged from the military.

In determining the appropriate sentence for a felony conviction, Tenn. Code Ann. § 40-35-210(c) and (e) (1998 Supp.), instructs the sentencing court that "[t]he presumptive sentence shall be the minimum sentence in the range . . . [s]hould there be enhancement and mitigating factors, the court must start at the minimum sentence . . ., enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors."  The range I sentence for aggravated assault is three to six years. <u>See</u> Tenn. Code Ann. § 40-35-112(a)(3) (1997).  Upon consideration of the facts and circumstances of the case and the applicable principles of sentencing, a sentence of confinement for four years is found to be appropriate.

Based upon the foregoing, the appellant's sentence is modified to reflect a term of four years for the aggravated assault conviction.  This case is remanded for entry of a judgment of conviction consistent with this opinion.

---

[1] The trial court did not apply factor (15), abuse of private trust, in its sentencing determination. Similarly, after review, we do not find factor (15) proper. Judge Williams, however, in his dissent, finds use of enhancement factor (15) appropriate. In light of our supreme court's recent decision, <u>State v. Gutierrez</u>, 5 S.W.3d 641 (Tenn. 1999), we respectfully disagree.  In <u>Gutierrez</u>, the court held: It follows that to use the mere sharing of a household or the existence of a relationship to determine whether a position of private trust exists between competent adults can result in an overly-broad application of the enhancement factor. <u>Id.</u> at 645. In this regard, we note that the sparse proof in the record suggests only a relationship between the appellant and the victim based upon economic reasons, *i.e.*, a sharing of the rent. The proof does establish that the decision to separate was mutually reached and made without "argument or anything." Because the degree and nature of the relationship in this case was considerably less than that in <u>Gutierrez</u>, we find factor (15) inapplicable.

8

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOE G. RILEY, Judge


_____
JOHN EVERETT WILLIAMS, Judge